**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FARMLAND INDUSTRIES, INC., ) | CASE NO.   02-50557-JWV |
| ) | |
| ) | CHAPTER 11 CASES |
| ) | |
| ) | |
| ) | JOINTLY ADMINISTERED |
| ) | |
| ) | |
| J.P. MORGAN TRUST COMPANY, NATIONAL ) | ADVERSARY NO. 04-_____ |
| ASSOCIATION, AS LIQUIDATING TRUSTEE ) | |
| OF THE FI LIQUIDATING TRUST AND THE ) | |
| FI LIQUIDATING TRUST, ) | |
| ) | |
|      PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | |
| AQUILA, ) | |
| ) | |
|      DEFENDANT. ) | |
| ) | |

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS**

J.P. Morgan Trust Company, National Association, as Trustee of the FI Liquidating Trust (the "Trustee") and the FI Liquidating Trust (the "Liquidating Trust") (collectively, the "Plaintiff") by and through their attorneys, Polsinelli Shalton & Welte, P.C., pursuant to §§ 544, 547, 548, 549 and 550 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), bring this adversary proceeding to avoid and recover certain avoidable transfers made to AQUILA (the "Defendant"), and pursuant to § 502(d) of the Bankruptcy Code, for disallowance of any claim of the Defendant, and allege as follows:

## INTRODUCTION

1. On May 31, 2002, (the "Petition Date"), Farmland Industries, Inc., Farmland Foods, Inc., Farmland Transportation, Inc., SFA, Inc. and Farmland Pipeline Company (collectively, the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On October 31, 2003, the Debtors filed Debtors' Second Amended Joint Plan of Reorganization (the "Plan"). On December 19, 2003, the United States Bankruptcy Court for the Western District of Missouri (the "Bankruptcy Court") entered an order confirming the Plan. The Plan became effective on May 1, 2004 (the "Effective Date").

4. Section 5.4 of the Plan provides for the establishment of the Liquidating Trust. The Liquidating Trust and the Trustee are vested with the right to prosecute litigation claims on behalf of the Debtors and/or the estates, including preference, fraudulent conveyance, avoidance and other actions whether against insiders or other third parties.

5. The Trustee was approved and appointed as the Liquidating Trustee under the Plan and pursuant to an engagement letter effective as of the Effective Date.

6. Plaintiff brings this Complaint pursuant to the authority granted it under the terms of the Plan and the FI Liquidating Trust Agreement.

7. The Defendant is AQUILA.

## JURISDICTIONAL ALLEGATIONS

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises in or under, and is related to, the above-captioned cases pending before the Bankruptcy Court.

9. This adversary proceeding constitutes a "core" proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

11. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 10 hereof, as if fully restated herein.

12. On one or more occasions during the ninety day period prior to the Petition Date, Farmland Industries, Inc. ("Farmland") transferred, or caused or allowed to be transferred, an interest in Farmland's property in an aggregate amount of $50,841.91 directly to or for the benefit of the Defendant (the "Transfers"). "Transfers" as used herein includes all transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by Farmland during the ninety day period prior to the Petition Date, including any transfers discovered after the date of the filing of this Complaint. The Transfers are more specifically described on Exhibit "A" hereto.

13. The Defendant was a creditor of Farmland at the time of the Transfers.

14. The Transfers were to or for the benefit of the Defendant.

15. The Transfers were made on account of an antecedent debt owed by Farmland before the Transfers were made.

16. Farmland was insolvent throughout the ninety day period prior to the Petition Date.

17. In receiving the Transfers, the Defendant received more than the Defendant would have received if: (i) Farmland had filed its bankruptcy petition under Chapter 7 of the

Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

18. Prior to the filing of this Complaint, the Plaintiff sent a letter to the Defendant demanding that the Defendant repay the Transfers. The Defendant has failed and/or refused to repay the Transfers in whole or in part.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count I as follows: (i) declaring that the Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b); (ii) awarding Plaintiff its costs incurred in this action, and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT II

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and 548)**

19. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 18 hereof, as if fully stated herein.

20. To the extent that any one or more of the Transfers was not on account of an antecedent debt owed to Farmland, then Farmland received less than a reasonably equivalent value in exchange for such Transfers (the "Fraudulent Transfer").

21. Any Fraudulent Transfer was made while Farmland:

   (a) was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer; or

   (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Farmland was an unreasonably small capital; or

    (c)    intended to incur, or believed that Farmland would incur, debts that would be beyond Farmland's ability to pay as such debts matured.

22. Plaintiff is entitled to avoid any Fraudulent Transfer pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B).

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count II as follows: (i) declaring that the Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §§ 544 and 548; (ii) awarding Plaintiff its costs incurred in this action; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT III

**(Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549)**

23. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 22 hereof, as if fully restated herein.

24. To the extent any of the Transfers occurred on or after the commencement of the case, they may be avoided pursuant to 11 U.S.C. § 549(a) in that (i) they were authorized only under 11 U.S.C. §§303(f) or 542(c); or (ii) they were not authorized until Title 11 or by the Court.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count III as follows: (i) declaring that the Transfers are avoidable post-petition transfers under 11 U.S.C. §549; (ii) awarding Plaintiff its costs of this action; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT IV

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

25. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 24 hereof, as if fully restated herein.

26. The Transfers, to the extent they are avoided pursuant to 11 U.S.C. §§ 547(b), 544, 548 or 549, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count III as follows: (i) declaring that the Plaintiff may recover the Transfers from the Defendant pursuant to 11 U.S.C. § 550(a)(1); (ii) ordering Defendant to pay to the Plaintiff the aggregate amount of the Transfers, plus all interest that has accrued since the date that the Plaintiff demanded the return of the Transfers; (iii) awarding Plaintiff its costs incurred in this action and (iv) granting such other and further relief as the Court deems just and equitable.

## COUNT V

**(For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and 550)**

27. The Plaintiff incorporates by reference the allegations set forth in Paragraphs I through 26 hereof, as if fully restated herein.

28. 11 U.S.C. § 502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving a payment that is avoidable under §§ 544, 547, 548 or 549 of the Bankruptcy Code has paid the amount for which such entity or transferee is liable under § 550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

29. The Defendant has not paid or surrendered to the Plaintiff the Transfers, and, therefore, any unsecured claim which the Defendant has filed must be disallowed.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count IV as follows: (i) disallowing any and all claims of the Defendant against Debtors' estate under §§ 502(d) and 550 of the Bankruptcy Code; (ii) awarding Plaintiff its costs incurred in this action; and (iii) granting such other and further relief as the Court deems just and equitable.

        Respectfully submitted,

        POLSINELLI SHALTON & WELTE
        A PROFESSIONAL CORPORATION


        By:     */s/ David D. Ferguson*
            DAVID D. FERGUSON  (#37854)
            ARTHUR A. CHAYKIN  (#42110)
            SPENCER P. DESAI  (#39877)
            CHRISTIAN J. KELLY  (#52287)
            AMY E. HATCH  (#53116)
            AMY W. RINGSDORF (#53114)
            700 West 47th Street, Suite 1000
            Kansas City, Missouri  64112
            (816) 753-1000
            Fax No. (816) 753-1536

        ATTORNEYS FOR PLAINTIFF

28721 / 59983
DDFER   1099068